UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARK STEWART, #598165** | : | **CASE NO. 2:20-CV-568** |
| | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **J D S O, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion for Summary Judgment filed by defendants Thomas Gatte ("Gatte"), Heather Ethridge ("Ethridge"), and Dustin Locke ("Locke"), which seeks dismissal of all claims asserted by the plaintiff. Doc. 17. The motion, which relates to the pro se civil rights complaint filed by plaintiff Mark Stewart, is unopposed. It has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For reasons stated below, **IT IS RECOMMENDED** that the motion be **GRANTED**.

**I.
Background**

Plaintiff Mark Stewart filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Doc. 1. Plaintiff is proceeding pro se and in forma pauperis in this matter. Stewart is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the Richland Parish Detention Center in Rayville, Louisiana. Named as defendants are warden Dustin Locke, shift supervisor Heather Ethridge, and correctional officer Thomas Gatte. Doc. 1, pp. 3.

Stewart alleges in his complaint that on February 3, 2020, he was placed into a cell with someone where a "verbal threat" to his safety was made. Doc. 1, p. 3. Stewart states that, at the time of the threat, Ethridge and Gatte were supervising the service of chow. Stewart then alleges that he informed Ethridge and Gatte of the conflict and Ethridge instructed him to return to his cell. Stewart admits that he did not return to his cell, replied to Ethridge that he was not going to "put [his] life in danger for [Ethridge]," and sat down at a table near his cell. Ethridge once again told him to return to his cell and Stewart replied that he feared for his safety by returning. *Id*. After this encounter, Ethridge sprayed pepper spray "on top of [his] head and the side of [his] face and body." After the pepper spray was administered, he was taken into the hallway and into a holding cell, where Gatte then passed him a water hose to rinse off the pepper spray, even though allegedly there were showers available. Stewart asserts that, when he rinsed the spray out of his eyes with the hose, it "started to burn worse" and the pepper spray resulted in "some sort of chemical burn" on his head which caused his hair to fall out. *Id*. at p. 4. No mention is made of Locke in the complaint.

In their memorandum and supporting documents, defendants offer a different version of events. Doc. 17, att. 1 & 2. Ethridge purports that when the cell which housed the plaintiff was let out to retrieve food trays, plaintiff exited his cell with all his belongings and advised Ethridge that "he could not sleep in the cell because he would fight." Doc. 17, att. 3, p. 1. Ethridge responded to the plaintiff by advising him to return to his cell until staff could complete chow service. Stewart refused to do so, and instead sat at a table near the cell and began shouting that he would not return to the cell. Ethridge contends that she then advised the plaintiff four times to reenter the cell until chow was finished. *Id*. After plaintiff's refusal to comply with all four commands, Ethridge administered a "single, two second burst of OC spray to Stewart's face." *Id*. at p. 2. In response to

this, Stewart was immediately removed from the unit, placed into a detox area, and provided with a hose to clean his eyes and face. *Id*.

Defendants now move for summary judgment on the bases that all defendants are entitled to qualified immunity and Stewart's injuries are *de minimis*. Doc. 17, att. 1. Stewart has not filed a response to the defendants' motion and his time for doing so has passed. *See* Doc. 16. Accordingly, the motion is regarded as unopposed. The facts set forth in defendants' Statement of Uncontested Material Facts [doc. 17, att. 2] are deemed admitted under Rule 56(e)(2) of the Federal Rules of Civil Procedure and this court's Local Rule 56.2.

## II.
## Law & Analysis

### A. *Legal Standard*

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 106 S.Ct. at 2511 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

"A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n. 3 (5th Cir. 1995) (quoting *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)). Failure to file an opposition and statement of contested material facts, however, results in the court deeming statements of uncontested material facts admitted for the purposes of the motion. Fed. R. Civ. P. 56(e)(2), L.R. 56.2

### B. *Section 1983 Application*

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether a plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold defendants liable under 42 U.S.C. § 1983, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under

color of state law, that is, that the defendant was a state actor. *West v. Atkins*, 487 U.S. 42, 108 S.Ct. 2250, 2254–55, 101 L.Ed.2d 40 (1988).

    1. <u>Qualified Immunity under § 1983</u>

Defendants argue that they are entitled to qualified immunity because their conduct in response to Stewart's behavior was objectively reasonable in light of clearly established law. Doc. 17, att. 1, p. 7. The doctrine of qualified immunity protects officers "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Trammell v. Fruge*, 868 F.3d 332, 339 (5th Cir. 2017) (quoting *Harlow v. Fitzgerald*, 102 S.Ct. 2727, (1982)). The issue of qualified immunity requires the court to make a two-part inquiry: (1) whether the facts alleged or shown by the plaintiff demonstrate a violation of a constitutional right, and (2) if a violation has been established, whether the officer's actions were objectively reasonable in light of clearly established law at the time of the alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

The first prong requires that "[t]he constitutional right must be sufficiently clear to put a reasonable officer on notice that certain conduct violates that right." *Sanchez v. Swyden*, 139 F.3d 464, 466 (5th Cir. 1998). A public official may assert the defense of qualified immunity even though a plaintiff's civil rights have been violated, provided that the official's conduct was objectively reasonable. *Sanchez*, 139 F.3d at 467. At the summary judgment stage, a plaintiff satisfies the second prong by establishing that "genuine issues of material fact exist regarding the reasonableness of the official's conduct." *King v. Handorf*, 821 F.3d 650, 654 (5th Cir. 2016) (quoting *Gates v. Tex. Dep't of Protective & Regul. Servs.*, 537 F.3d 404, 419 (5th Cir. 2008)). "In essence, a plaintiff must allege facts sufficient to demonstrate that no reasonable [official] could have believed his actions were proper." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).

"Whether an official's conduct was objectively reasonable is a question of law for the court, not a matter of fact for the jury." *Id*.

Based on Stewart's allegation in his complaint stating that he was sprayed despite showing no signs of aggression and giving "no reason for such force to be used," it appears that Stewart attempts to state a claim for excessive force under the Eighth Amendment. Doc. 1, p. 4. However, Stewart cannot satisfy either prong of the qualified immunity analysis. First, Stewart cannot allege a violation of a constitutional right. The "core judicial inquiry" into a plaintiff's claim of excessive force under the Eighth Amendment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 112 S.Ct. 995 (1992). Stewart has failed to show any genuine issue of material fact that Ethridge sprayed him with a chemical agent maliciously or sadistically to cause him harm rather than in a good faith effort to maintain or restore discipline. *See Baldwin v. Stalder*, 137 F.3d 836, 840–41 (5th Cir.1998). Plaintiff's conclusory allegations regarding the spray being unreasonable because he was not showing aggression are insufficient to establish an Eighth Amendment violation. In fact, plaintiff acknowledges that he was uncooperative and unresponsive to Ethridge's commands. Thus, viewing the evidence in the light most favorable to Stewart, it is clear that the spray was administered in a good faith effort to maintain discipline.

Summary judgment is further appropriate as there exists no genuine issue of material fact as to the reasonableness of the defendants' actions. Prison officials may be required to "act quickly and decisively" in maintaining order. *Hudson v. McMillian*, 112 S. Ct. 995, 999 (1992). The brief use of chemical agents to maintain or restore discipline or to compel compliance with an order has been upheld on multiple occasions. *See, e.g., Baldwin v. Stalder*, 137 F.3d 836, 838-41 (5th Cir. 1998); *Woolverton v. Gratz*, 793 F. App'x 341, 342 (5th Cir. 2020) (per curiam); *Amos v. Jefferson*,

2021 WL 2815382, at *5 (5th Cir. 2021) (per curiam); *Haskins v. Louisiana Dep't of Pub. Safety & Corr.*, 2010 WL 3257307 (W.D. La. 2010). "Further, prison officials are 'accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Amos,* 2021 WL 2815382, at *5 (quoting *Hudson*, 112 S. Ct. at 999).

Defendants' uncontested facts establish that Stewart was in violation of an order to return to his cell until chow was completed. He refused the order given four times and ultimately exhibited disorderly behavior by sitting outside of his cell and stating "You're gonna have to spray me. Spray me." Doc. 17, att. 2, pp. 1. After the spray, Ethridge stated in her sworn affidavit that Stewart was "immediately removed from the unit, placed in the detox area, and provided with a hose to clean the spray from his eyes and face." Doc. 17, att. 3, pp. 2. Doc. 60; see doc. 43, atts. 2–4. Because the plaintiff filed no opposition to the motions for summary judgment, these facts are deemed admitted.

Under these circumstances, Ethridge's conduct was not objectively unreasonable in light of clearly established law. Even viewing the facts in the light most favorable to Stewart, the collective evidence establishes Stewart's ongoing disorderly behavior before the single spray of chemical agent, including expressions of an intent to defy orders. Ethridge ordered Stewart four times to return to his cell before administering the brief, two second spray. Accordingly Ethridge's conduct was objectively reasonable in light of clearly established law concerning the use of brief sprays of chemical agents to compel compliance with an order which entitles her to qualified immunity and summary judgment. *See, e.g., Baldwin*, 137 F.3d at 838-841.

The court notes that Defendants' Motion for Summary Judgment and supporting documents make no individual reference to the actions of Gatte or Locke. In his original complaint,

Stewart states that Gatte was the officer who escorted him to the holding cell and gave him a hose to rinse his eyes and face. Stewart appears to allege that these actions were unreasonable, as Gatte should have taken Stewart to one of the two different showers "to take a proper shower." Doc. 1, pp. 4. Plaintiff makes no mention of Locke in his initial complaint. This court finds that neither Locke nor Gatte's conduct was violative of any constitutional right. Stewart fails to allege any material fact that Gatte or Locke acted "maliciously or sadistically," as required to show excessive force under the protections of the Eighth Amendment. Resultingly, this court finds that defendants Gatte and Locke are also shielded by qualified immunity and entitled to summary judgment as a matter of law.

    2. *De minimis* Injuries

Finally, summary judgment is appropriate because Stewart has failed to allege more than de minimis injuries as a result of the spray.

According to 42 U.S.C. § 1997e(e), no federal civil action may be brought by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). There can be no recovery under the Eighth Amendment for injuries considered de minimis. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997). On several occasions, courts have held the normal effects of being sprayed with pepper spray are *de minimis*. *See, e.g., Martinez v. Day*, 639 F.App'x 278 (5th Cir. 2016) (affirming district court decision that simply being pepper sprayed, without some long term effects, is a *de minimis* injury); *Parker v. Webber*, 2014 WL 1057189, *7 (M. D. La. 2014) (granting summary judgment in favor of defendant officers in part because plaintiff was seen by medical personnel after being pepper sprayed and did not offer any evidence that the application of force caused any injuries); *Haskins v. Louisiana Dep't of Pub. Safety & Corr.*, 2010 WL 3257307, at *2 (W.D. La.

2010) ("Plaintiff does not contend that he suffered more than a de minimis physical injury associated with temporary effects of exposure to pepper spray."); *Miller v. Thibideux*, 2008 WL 4999226, at *2 (W.D. La. 2008) (use of chemical agent resulted in de minimis injury).

Here, Stewart provides minimal statements regarding his alleged injuries [doc. 1, p. 4] and altogether fails to submit any medical records or further evidence substantiating his claims. Plaintiff's alleged injuries appear to be as follows: (1) that after he was initially sprayed by Ethridge, the hose given to him by Gatte to rinse off with caused the pepper spray to "burn worse;" and; (2) that he sustained "some sort of chemical burn" on his head, causing his hair to fall out in a spot. Doc. 1, p. 4.

Plaintiff's allegations regarding his injuries are merely his own descriptions and are verified by no medical professional. The alleged temporary pain and head abrasion from the spray are the equivalent of short-term, temporary pain that is insufficient to exceed the *de minimis* injury requirement. *See Harold v. Tangipahoa Par. Sheriff Off.,* 2021 WL 2920513, at *11 (E.D. La. 2021). There is no evidence put forth that plaintiff has sought medical treatment for the alleged injuries and the only lasting effect he alleges from the use of the spray is the unsubstantiated hair loss. Doc. 1, p. 5. Therefore, plaintiff has failed to make any allegation that he suffered an injury that this court could construe under *Siglar* to be greater than *de minimis*. Thus, plaintiff has not met his burden to refute defendants' Motion for Summary Judgment.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment be **GRANTED** and plaintiff's claims against them be dismissed with prejudice.

Under the provisions of 28 U.S.C. §636 and Fed.R.Civ.Proc. 72, parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in Chambers this 12th day of October, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE