**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **MARK STEWART** | : | **DOCKET NO. 20-CV-0568** |
|    **D.O.C. # 598165** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **JDSO, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the Court is a civil rights complaint [doc. 1], filed pursuant to 42 U.S.C. § 1983, by plaintiff Mark Stewart, who is proceeding pro se and in forma pauperis in this matter. Stewart is an inmate in the custody of the Louisiana Department of Corrections ("LDOC") and is currently incarcerated at the Richland Parish Detention Center in Rayville, Louisiana ("RPDC"). He named as defendants JDSO, Dustin Locke, Heather Ethridge and Thomas Gatte.

For reasons stated below **IT IS RECOMMENDED** that claims against the remaining defendant, the Jefferson Davis Sheriff's Office, be **DENIED[1]**.

**I.**
**LAW & ANALYSIS**

**A.  *Frivolity Review***

Stewart has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or

---

[1] Plaintiff's claims against Locke, Ethridge and Gatte have been addressed in a separate ruling.

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983/Bivens

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. JDSO is an improper defendant.

Plaintiff's claims against the Jefferson Davis Sheriff's Office should be dismissed.

According to Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether defendants can be sued in this court. Under Louisiana law, an entity must qualify as a "juridical person," which is defined as "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. Louisiana courts uniformly hold that sheriff's offices or sheriff's departments are not juridical entities. *Watkins v. Sheriffs Dep't Jefferson Davis*

*Parish*, No. 2:20-cv-1268, 2020 U.S. Dist. LEXIS 247675 (W.D. La. Dec. 10, 2020); *Sipes v. City of Monroe*, 2013 U.S. Dist. LEXIS 46965, 2013 WL 1282457 at *3 (W.D. La. Mar. 28, 2013) (collecting cases).

## II.
### CONCLUSION

Accordingly, **IT IS RECOMMENDED** that all claims against the JDSO be **DENIED and DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 8th day of February, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE